BONIN, J.,
concurs and assigns reasons.
| ,1 respectfully concur. There is no doubt that the congregation of St. John Baptist Church in Phoenix, Louisiana, has occupied a church on Lot 20 for more than 130 years. During that entire time the title to Lot 20 has been in the names of Cornelius Thomas, Samuel Reed, Washington Goodeye and Philip Hill. The intentions of the title owners with respect to the nature of the congregation’s possession of Lot 20 are hidden from the historical record.
When the congregation applied to the SBA for a loan to rebuild its church after its destruction by Hurricane Katrina, it was “disturbed” in its possession by the continuing recordation of the defendants’ title to Lot 20. La. C.C.P. arts. 3655 and 3659. It then brought this action for declaratory judgment, La. C.C.P. arts. 1871 et seq., which is governed by La. C.C.P. art. 3654.
In order to prevail under the operative facts of this case the congregation bore the burden of proving that its possession was not “precarious” for the thirty years before the filing of the lawsuit. La. C.C. art. 3437. Under the law existing thirty years ago, a “possessor must manifest his intention to possess for himself by overt and unambiguous acts.” Delacroix Corporation v. Perez, 1998-2447, fn. 1 (La.App. 4 Cir. 11/8/00), 794 So.2d 862. Because this is a “precarious possession” case I emphasize the importance of written or documentary evidence |2to corroborate testimonial evidence, even when the testimony is highly persuasive, if not uncontradicted, as here. The congregation accepted payment from the State of Louisiana in 1966 for a portion of Lot 20 which was expropriated for a new highway. That documentary evidence establishes that the congregation was overtly and unambiguously possessing Lot 20 for itself. Receiving payment for the alienation of a portion of the property which is then recorded on the public record constitute the necessary “overt and unambiguous acts”. Moreover, such establishes “the actual time at which the positive intention to hold the property as owner is made known by the adverse possessor.” Thomas v. Congregation of St. Sauveur Roman Catholic Church, 308 So.2d 337, 340 (La.App. 1 Cir.1975). That time, in this case, preceded the uninterrupted and continued possession of Lot 20 by the congregation for another thirty years.
The other documentary evidence that Lot 20 has been carried on the assessment rolls of Plaquemines Parish for more than twenty years and that the parish’s regulatory authorities officially consider the congregation as the responsible owner of Lot 20 support the trial court’s credibility determinations of the testimonial evidence.
The congregation prevailed against the title owners, their heirs, successors, and assigns that it, and not any of them, was entitled to the ownership and possession of Lot 20 under La. C.C.P. art. 3654. The trial court’s decision declaring that St. John Baptist Church in Phoenix, Louisiana is the owner of Lot 20 is correct and the recordation of that judgment, when it is final and unappealable, terminates the disturbance to the congregation’s possession *627 of Lot 20 caused by the earlier recordation of the title of Cornelius Thomas et al.